UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 2/13/2020

ORQUIDIA BATISTA,

                      **Plaintiff,**

           -against-

COMMISSIONER OF SOCIAL SECURITY,

                      **Defendant.**

-----------------------------------------------------------------X

**17-CV-01792 (SN)**

**<u>ORDER</u>**

**SARAH NETBURN, United States Magistrate Judge.**

On March 10, 2017, the plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking review of a denial of social security benefits. On December 4, 2017, parties stipulated to remand the case for further proceedings.

Following the remand, the plaintiff received retroactive benefits from the Social Security Administration. Thereafter, on August 5, 2019, plaintiff's counsel filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Section 406(b) permits the Court to approve "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the plaintiff. <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. §406(b)(1)(A)). Because of the Commissioner's unique role and expertise in this area, the Court ordered the Commissioner to respond to the plaintiff's motion. On August 22, 2019, the Commissioner filed a letter stating that while the office found plaintiff's counsel's fee request reasonable, because counsel had not timely filed an Equal Access to Justice Act ("EAJA") motion or his §406(b) request within the 14-day limitations periods, the Court should consider denying the § 406(b) motion or reducing the fees awarded. And on August 29, 2019, Plaintiff's counsel filed a letter in

further support of his motion, providing an explanation for his failure to timely file the fee request.

Having reviewed the August 5, 2019 motion, along with all supporting documents, the Court determines that the requested award is reasonable, and that plaintiff's counsel has demonstrated good cause for failing to timely file his fee motion. See Sinkler v. Berryhill, 932 F.3d 83, 89 (2d Cir. 2019) ("[T]he fourteen-day limitations period is not absolute. . . . Thus, district courts are empowered to enlarge that filing period where circumstances warrant."). Accordingly, the Court grants attorney's fees in the amount of $ 6,855.00, which represents not more than 25% of the past due benefits awarded to the plaintiff.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    New York, New York
              February 13, 2020